33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lalith Maximus Rohan TISSERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70242.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1994.
Decided Aug. 15, 1994.
 
 Before: POOLE, BRUNETTI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The BIA had a substantial basis on the whole record for rejecting Tissera's claim of a well founded fear of government persecution. As the BIA said, this threat was entirely speculative. The government never gave Tissera any reason to believe that it might persecute him as a suspected Communist because he had gone to medical school in Cuba. Had the government focused any attention on that period of his life, it was as reasonable to suppose that its impression would be positive because of his assistance to the government in identifying JVP connections with the Palestine Liberation Organization and Libya. An objective fear of persecution " 'requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution.' " Limisco v. INS, 951 F.2d 210, 212 (9th Cir.1991) (quoting Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991)). No such showing was made regarding the possibility of a threat from the government.
 
 
 3
 His argument based on a well founded fear of persecution by the JVP is more substantial. We are not prepared to adopt the BIA's position that telling the government about JVP connections with the PLO and Libya is conduct, not opinion, so persecution for that does not amount to persecution for opinion. We assume for purposes of discussion, though we need not decide, that this proposition is incorrect. We also assume, as the BIA did, that the threatening letters were sent and came from the JVP. See Aguilera-Cota v. INS, 914 F.2d 1375, 1380 (9th Cir.1990).
 
 
 4
 The BIA had a second, independent ground for rejection of the asylum claim based on the JVP threat. This was that Tissera had not shown the JVP "which was the target of an anti-terrorist campaign by the government, is any longer a viable terrorist threat in Sri Lanka." (AR 3) The BIA had a substantial basis in the record for concluding that it was not--the State Department evaluation (AR 253) and the letter to Tissera from the Sri Lanka Minister of Public Administration, Provincial Councils and Home Affairs (AR 219).
 
 
 5
 The State Department country report said that as of 9/18/90, the JVP terrorist threat had been "dramatically reduced in recent months." The Robert Oberst article said that the JVP threat was growing, and although centered in the South, affected the whole tiny country, but it appears to have been written in 1989 (AR 226). The Amnesty International reports submitted to the IJ say that the government began its crackdown on the JVP in 1989 and that its leader and many other high-level supporters had been killed (AR 288-96). While Amnesty International disapproved of the brutality of the government's suppression of the JVP, violations of human rights in the suppression of the JVP would not undermine the proposition that it was indeed suppressed.
 
 
 6
 Tissera had evidence pointing the other way. He makes a reasonable argument that though the JVP might be weakened, that did not establish it had been weakened so much as no longer to be a danger to him. We cannot be sure he is wrong. But we lack the power to substitute our judgment for the BIA's. We review the BIA's finding that an alien has not demonstrated a well founded fear of persecution for substantial evidence. INS v. Elias Zacarias, 112 S.Ct. 812, 815 (1992); Ghebllawi v. INS, No. 92-70483, slip op. 6175, 6181 (9th Cir. June 6, 1994); Abedini v. INS, 971 F.2d 188, 190 (9th Cir.1992). The BIA's determination can be reversed only if the evidence presented by the alien was such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed. Elias-Zacharias, 112 S.Ct. at 815. This standard of review compels us to leave the BIA decision in place. Substantial evidence supported the BIA evaluation that the JVP no longer posed a serious threat. A reasonable factfinder might conclude otherwise, but would not be compelled by the evidence to do so.
 
 
 7
 We cannot take judicial notice of the new information about Sri Lankan political conditions which Tissera has appended to his brief. Gomez-Vigil v. INS, 990 F.2d 1111, 1113 (9th Cir.1993). Nor would it change the outcome if we could. The New York Times article he provides says "By January 1990, the liberation front [JVP] had been effectively wiped out and all but one of its leaders killed." This supports the BIA determination that Tissera no longer faces a threat of persecution by the JVP.
 
 
 8
 We reject Tissera's argument that the BIA should have given more weight to Dr. Brass's letter and testimony. Dr. Brass had little foundation for giving opinions about Sri Lanka or Tissera. He is an India scholar, not a Sri Lanka scholar, whose only experience in Sri Lanka was a visit for a week a quarter of a century ago (AR 141). His resume did not show that he had written or taught anything about Sri Lanka. So far as the record reveals, he was an individual with no more expertise than the BIA officials about Sri Lanka, reviewing the same materials they did, and after being hired by Tissera's attorney, furnished an opinion that Tissera "could not with certainty avoid" the JVP and other terrorist groups. The BIA was not obligated to give this opinion any great weight.
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3